UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

DORIS PROMAN, and )
GLENN J. PROMAN, )
 )
    Plaintiffs, )
 )
v. )   CV424-002
 )
CAROL BACON MILLER, *et al.*, )
 )
    Defendants. )

# ORDER

The Court previously directed *pro se* plaintiff Doris Proman to amend her Complaint because she was proceeding *pro se* and purported to assert claims on behalf of Glenn J. Proman and because her Complaint was an impermissible "shotgun" complaint. *See generally* doc. 4. She has timely submitted her amendment. *See* doc. 5. The Amended Complaint is signed by both plaintiffs. *See id.* at 8. While the Court does not comment on the sufficiency of the allegations in the Amended Complaint, it does provide separate claims against Defendant Miller, *id.* at 13-18, Raffensperger, *id.* at 19, McNamara-Adams, PC, *id.* at 20, Waters, *id.* at 22-23, Kuhlman, *id.* at 24 (identifying Defendant as "Kuhlum"), Williams, *id.* at 25-28, Caliber Home Loans / Newrez LLC, *id.* at 29-31,

and "Beneficial Mortgage Company of Georgia Finance Company / WSFS," *id.* at 32-33. While the separate assertion of claims addresses the Court's concern that the original Complaint was a "shotgun" pleading, the clearer—relatively speaking—Amended Complaint indicates that this Court may lack subject matter jurisdiction.[1]

"Federal courts are courts of limited jurisdiction," *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994), and "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). This Court has an "independent obligation to ensure that jurisdiction exists." *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1275 (11th Cir. 2000). Plaintiff bears the burden of pleading the grounds on which the Court might assert jurisdiction over the asserted claims. Fed. R. Civ. P. 8(a)(1); *see also, e.g.,*

---

[1] Since the Promans paid the filing fee, this Court does not evaluate the sufficiency of the claims asserted. *Cf.* 28 U.S.C. § 1915(e)(2). While, as discussed below, the claims the Promans assert are insufficient to support their invocation of this Court's federal question jurisdiction, the apparent separation of the allegations against the various defendants corrects the "shotgun" character of the original Complaint. Since the Court affords them another opportunity to clarify their claims, it does not consider, at this time, whether the Amended Complaint might be properly dismissed as frivolous. *See, e.g., Cutler v. Aurora Loan Servs., LLC*, 2012 WL 10488184, at *2 (11th Cir. Dec. 3, 2012) (recognizing "a district court has the inherent authority to dismiss a patently frivolous complaint."); *see also, e.g., Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (a complaint "is frivolous where it lacks an arguable basis either in law or in fact.").

*Underwriters at Lloyd's, London v. Osting-Schwinn*, 613 F.3d 1079, 1085 (11th Cir. 2010) ("The party commencing suit in federal court . . . has the burden of establishing, by a preponderance of the evidence, facts supporting the existence of federal jurisdiction."); *Beavers v. A.O. Smith Elec. Prods. Co.*, 265 F. App'x 772, 777 (11th Cir. 2008) ("The plaintiff[ ], as the party asserting diversity jurisdiction, [has] the burden to 'affirmatively allege facts demonstrating the existence of jurisdiction.'" (quoting *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994))).

The Court's jurisdiction can be established either because the complaint presents a federal question, 28 U.S.C. § 1331, or by the diversity of the parties, 28 U.S.C. § 1332. The Amended Complaint expressly asserts federal-question jurisdiction.[2] Doc. 5 at 7. Federal question jurisdiction exists if a civil action arises "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. When

---

[2] It appears that an assertion of diversity jurisdiction is impossible, as the Promans allege that they are Georgia residents, doc. 5 at 1, and numerous defendants also appear to be Georgia residents, *see id.* at 2-3. While the Court cannot definitively determine any defendant's citizenship from the face of the Amended Complaint, if even one of the named defendants is a citizen of Georgia, diversity jurisdiction would be improper. *See, e.g., Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005) ("In a case with multiple plaintiffs and multiple defendants, the presence in the action of a single plaintiff from the same State as a single defendant deprives the district court of original diversity jurisdiction over the entire action.").

examining assertions of federal question jurisdiction, the Court must rely upon the well-pleaded complaint. *Adventure Outdoors, Inc. v. Bloomberg*, 552 F.3d 1290, 1295 (11th Cir. 2008) (citing *Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149 (1908)). As this Court has explained, the "mere mention of certain federal statutes [does] not establish subject matter jurisdiction." *McLemore v. Henry*, 2020 WL 1848053, at *1 (S.D. Ga. Apr. 13, 2020) (citations omitted).

The claims asserted in the Amended Complaint are obscure, at best. There are references to "negligence." *See* doc. 5 at 5. The jurisdictional allegations refer to the "1st Civil Act of 1964. The Oley Act," *id.* at 7, and state, in unedited form, "5th Amendment; Guarantees the right to a grand jury, forbids double jeopardy, and protects against self-incrimination. Constitution states private property will not be taken for public use without just compensation and the Federal threat 6. Due process," and refers to "§ 873 Attempted murder." *Id.* at 7. Finally, there are references to "the 'Rico Act.'" *Id.* at 10. There is no discernable connection between any of the factual allegations in the Amended Complaint and any of the listed federal laws. The Court cannot find, therefore, that the Amended Complaint pleads any basis for its subject

4

matter jurisdiction. The Court will, however, afford them **one final opportunity** to amend their complaint.

Plaintiffs are **DIRECTED** to file a Second Amended Complaint by February 26, 2024. The Amended Complaint must comply with the requirements of Federal Rules of Civil Procedure 8–11, which, *inter alia*, requires short and plain statements.[3] The pleading must specifically identify each claim asserted, the facts supporting each specific claim, and the defendants against whom those particular claims are asserted. The Second Amended Complaint must also include a statement of the basis for the Court's jurisdiction, a recitation of all material facts, and a prayer for monetary, declaratory, or injunctive relief. The Second Amended Complaint will supersede the current complaint and should reassert all claims against all named defendants. *See Malowney v. Fed. Collection Deposit Grp.*, 193 F.3d 1342, 1345 n. 1 (11th Cir. 1999) ("An amended complaint supersedes an original complaint"); *Varnes v. Local 91, Glass Bottle Blowers Ass'n of U.S. & Canada*, 647 F. 2d 1365, 1370 n. 6 (11th Cir. 1982) ("As a general rule, an amended complaint supersedes and

---

[3] A copy of the Federal Rules of Civil Procedure is available on the federal judiciary website at https://www.uscourts.gov/rules-policies/current-rules-practice-procedure/federal-rules-civil-procedure.

replaces the original complaint unless the amendment specifically refers to or adopts the earlier pleading."). The Clerk is **DIRECTED** to send them blank copies of Form Pro Se 1 (Complaint for a Civil Case) and Form Pro Se 15 (Complaint for Violation of Civil Rights (Non-Prisoner)). Plaintiffs are advised that failure to submit their amendment timely may result in dismissal for failure to obey a court order or failure to prosecute. *See, e.g.,* Fed. R. Civ. P. 41(b).

**SO ORDERED,** this 12th day of February, 2024.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA