# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | |
|---|---|
| DORIS PROMAN, and GLENN J. PROMAN, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) )    CV424-002 |
| CAROL BACON MILLER, *et. al.*, | ) ) ) |
| Defendants. | ) |

## ORDER AND REPORT AND RECOMMENDATION

*Pro se* plaintiffs Doris and Glenn Proman have filed this action apparently related to a property dispute. *See* doc. 6 at 4-5. Since their Amended Complaint failed to establish this Court's subject matter jurisdiction, they were directed to amend it. *Id.* at 5. Their Second Amended Complaint was due on February 26, 2024. *Id.* They filed a Second Amended Complaint, which is discussed below. Doc. 8. They have also jointly moved for court-appointed counsel. *See* doc. 7. The Motion states that one of the plaintiffs, apparently Doris Proman, has a

medical condition that she states impedes her ability to prosecute this case and Plaintiffs have been unable to retain counsel. *Id.* at 1.

Plaintiffs have no constitutional right to counsel in this civil case. *Wright v. Langford*, 562 F. App'x 769, 777 (11th Cir. 2014) (citing *Bass v. Perrin*, 170 F.3d 1312, 1320 (11th Cir. 1999)). "Although a court may, pursuant to 28 U.S.C. § 1915(e)(1), appoint counsel for an indigent plaintiff, it has broad discretion in making this decision, and should appoint counsel only in exceptional circumstances." *Id.* (citing *Bass*, 170 F.3d at 1320). Appointment of counsel in a civil case is a "privilege that is justified only by exceptional circumstances, such as where the facts and legal issues are so novel or complex as to require the assistance of a trained practitioner." *Fowler v. Jones*, 899 F.2d 1088, 1096 (11th Cir. 1990) (citing *Poole v. Lambert*, 819 F.2d 1025, 1028 (11th Cir. 1987), and *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985)).

The first and clearest defect in the Promans' request is that they are not indigent. *See* docket entry dated January 2, 2024. Thus, § 1915 does not apply. Courts do, however, have inherent power to "appoint"[1]

---

[1] The Court lacks the power under § 1915 to "appoint" counsel who is unwilling. *See* 28 U.S.C. § 1915(e)(1) ("The court may *request* an attorney to represent a person unable to afford counsel."). While there is a hypothetical possibility that the Court might compel unwilling counsel under its inherent authority, at least for indigent

counsel in exceptional circumstances. *See, e.g., In re Stone*, 986 F.2d 898, 902 (5th Cir. 1993). The Eleventh Circuit has explained that "the key" to assessing whether counsel should be appointed "is whether the *pro se* litigant needs help in presenting the essential merits of his or her position to the court." *McDaniels v. Lee*, 405 F. App'x 456, 457 (11th Cir. 2010) (quoting *Kilgo v. Ricks*, 983 F.2d 189, 193 (11th Cir. 1993)). At this stage in the proceeding, Plaintiffs have presented "the essential merits" of their position to the Court. There is, therefore, no indication of any "exceptional circumstance" that warrants appointment of counsel. *Fowler*, 899 F.2d at 1096. Plaintiffs' motion is, therefore, **DENIED**. Doc. 7.

The Court's prior Order noted that the claims the Promans assert are "obscure, at best." Doc. 6 at 4. Nevertheless, they have an obligation to plead some basis for this Court's subject matter jurisdiction over those claims. As the Court previously explained, *id.* at 2-3, "[f]ederal courts are

---

litigants, even assuming such a power exists, it would only be exercised in the most exceptional circumstances. *See Whidden v. Roberts*, 2019 WL 13411341, at *2 (N.D. Fla. Aug. 19, 2019). Although this Court has no basis to evaluate whether the Promans' pleadings, to date, present any viable claim, the lack of any clear basis for this Court's jurisdiction over the dispute described precludes any finding of "exceptional circumstances" that merit consideration of the Court exercising compulsive authority, even supposing it could.

courts of limited jurisdiction," *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994), and "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). This Court has an "independent obligation to ensure that jurisdiction exists." *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1275 (11th Cir. 2000). Plaintiff bears the burden of pleading the grounds on which the Court might assert jurisdiction over the asserted claims. Fed. R. Civ. P. 8(a)(1); *see also, e.g., Underwriters at Lloyd's, London v. Osting-Schwinn*, 613 F.3d 1079, 1085 (11th Cir. 2010) ("The party commencing suit in federal court . . . has the burden of establishing, by a preponderance of the evidence, facts supporting the existence of federal jurisdiction."); *Beavers v. A.O. Smith Elec. Prods. Co.*, 265 F. App'x 772, 777 (11th Cir. 2008) ("The plaintiff[ ], as the party asserting diversity jurisdiction, [has] the burden to 'affirmatively allege facts demonstrating the existence of jurisdiction.'" (quoting *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994))).

The Court's jurisdiction can be established either because the complaint presents a federal question, 28 U.S.C. § 1331, or by the diversity of the parties, 28 U.S.C. § 1332. The Second Amended

Complaint has entirely omitted the page of the form complaint concerning subject matter jurisdiction. *Compare* doc. 8, *with* Form Pro Se 1 at 3, *available at* https://www.uscourts.gov/forms/pro-se-forms/complaint-civil-case. Since the Promans allege that they are Georgia residents and multiple individual defendants are Georgia residents, it does not appear that this Court has diversity jurisdiction, pursuant to 28 U.S.C. § 1332. *See* doc. 8 at 1-3; *see also, e.g., Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005) ("In a case with multiple plaintiffs and multiple defendants, the presence in the action of a single plaintiff from the same State as a single defendant deprives the district court of original diversity jurisdiction over the entire action.").

Federal question jurisdiction exists if a civil action arises "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. When examining assertions of federal question jurisdiction, the Court must rely upon the well-pleaded complaint. *Adventure Outdoors, Inc. v. Bloomberg*, 552 F.3d 1290, 1295 (11th Cir. 2008) (citing *Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149 (1908)). As this Court has explained, the "mere mention of certain federal statutes [does] not establish subject matter jurisdiction." *McLemore v. Henry*, 2020 WL

1848053, at *1 (S.D. Ga. Apr. 13, 2020) (citations omitted).  The Second Amended Complaint does not assert any clear claim; it simply includes a timeline of events of unspecified significance.  *See* doc. 8 at 5-8, 13-18.  In a statement of the relief they seek, the Promans indicate that this case concerns a dispute over real property.  *Id.* at 19 ("Proman's [sic] seek, $1,879,172.94 Taken monies and the return of our property and home deed and title.").  There is simply nothing in the Second Amended Complaint that asserts a federal claim.

Because the Plaintiffs have failed to plead any sufficient basis for this Court's jurisdiction, the Second Amended Complaint should be **DISMISSED**.  *See* Fed. R. Civ. P. 12(h)(3) ('If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties.  The document should be captioned "Objections to Magistrate Judge's Report and Recommendations."  Any

request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO ORDERED AND REPORTED AND RECOMMENDED**, this 29th day of February, 2024.

_/s/ Christopher L. Ray_
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA